## HARVARD LUMBER CO. v. KNEBLEWICZ

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8021. Decided Feb. 6, 1928.

**First Publication of this Opinion.**

### Syllabus by Editorial Staff.

755. MECHANICS' LIENS—851. Notice—708. Leases.

Where A, who is the owner, leases property to B by oral lease, and B enters into contract with C for erection of building on such property, materialman who furnished his material for such building, may perfect lien against leasehold interest of B by serving statutory notice upon A.

Appeal from Common Pleas.

White, Hammond, Brewer & Curtiss, Cleveland, for Lumber Co.

E. J. Hopple, Cleveland, for Kneblewicz.

### FULL TEXT.

VICKERY, J.

This action comes into this court on appeal from the Common Pleas Court of Cuyahoga County, and the case was heard upon a transcript of the evidence that was taken in the court below and the admissions of counsel.

The purpose of the suit below and in this court was for the Lumber Company to obtain a mechanic's lien upon the real estate described in the petition.

It seems that the Lumber Company was a material man. and furnished lumber to a contractor who had a contract to build a gasoline station upon the piece of land in question.

The lumber not having been paid for, steps were taken to perfect the lien, and the claim not having been paid, a suit was brought to foreclose the lien. In the trial of that action in the court below and in this court, it shows that one Frank J. Kneblewicz was the owner in fee of the land described in the petition, and that he had made a contract with his brother John to give John the possession of this property, under an oral lease for a period of ten years, and that John took possession of the property and made a contract with the contractor to build this gasoline station, which contractor made a contract with the Lumber Company which supplied him with the lumber that was used in the construction of this building.

The purpose of this suit is to acquire a lien upon the fee in this land which was owned by Frank and if not that, then upon the leasehold interest of John.

We have gone over this evidence, heard the arguments of counsel, and have come to the conclusion that the plaintiff is not entitled to a lien against Frank Kneblewicz under and by virtue of the authority of 109 O. S. page 358, in the case of The Mahoning Park Company v. The Warren Home Development Company which, in fact, was a stronger case than the one at bar, and we have also come to the conclusion that the plaintiff is entitled to a lien upon the leasehold interest of John Kneblewicz.

The only contention that is made as to why a mechanic's lien taken out, could not be enforced against the leasehold interest of John, is that the notices required by the statute were served upon Frank, the owner, and that they were not served upon John. We think that this feature of the case is disposed of in the decision of this court reported in Volume 27, page 307, of the Unreported Opinions, the case of Gorman v. the Willson Avenue Lumber Company, where this court held that a notice served upon the husband, where the name of the real party was not known, was sufficient to appy to the wife, who was the real party in interest.

Applying that doctrine to the instant case, this oral lease was an understanding only between Frank and John. The record title stood in the name of Frank and there was nothing in any way to show that John had any interest in it, and, consequently, it comes under the statute, inasmuch as his name was not known. All the steps being taken that the statute required to perfect a lien, we think that, under the last case cited, the plaintiff is entitled to a lien against the leasehold interest of John, but not against the fee owned by Frank, and a decree may be drawn embodying this opinion.

Decree for plaintiff, order see journal.

(Sullivan, PJ. and Levine, J. concur.)